COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner

UNPUBLISHED

AARON KEITH LESTER

v.      Record No. 2061-13-3

RICHARD ALLEN LESTER AND
 LINDA CAROL LESTER

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 1, 2014

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(John E. Stanley, on brief), for appellant.

(Linda G. Tiller; Tiller and Tiller, P.C., on brief), for appellees.


Aaron Keith Lester (father) appeals an order terminating his parental rights and approving

the petition for adoption filed by Richard Allen Lester and Linda Carol Lester (collectively, the

grandparents).  Father argues that the trial court erred by finding that consent was being withheld

contrary to the best interests of the child, as set forth in Code §§ 63.2-1202(H) and -1205.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

Father has a son, who was born in August 2009.  The child has lived continuously with

the grandparents since he was one year old.  The Russell County Juvenile and Domestic

Relations District Court awarded legal and physical custody of the child to the grandparents in

April 2011.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The grandparents filed their petition for adoption in July 2013. At that time, the child's mother had not visited the child for ten months. At the time of the filing of the petition, and during the trial, father was incarcerated. Father had not seen the child for more than six months prior to his incarceration. He had not seen or contacted the child since 2010.[1]

The trial court applied Code §§ 63.2-1202(H) and -1205 and held that father withheld his consent to the adoption, contrary to the best interests of the child. The trial court terminated his parental rights and approved the adoption.[2] This appeal followed.

### ANALYSIS

Father argues that the trial court erred in finding that he withheld his consent to adoption, contrary to the child's best interests.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted).

"We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197, 715 S.E.2d 11, 19 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99, 192 S.E.2d 794, 798-99 (1972)). In this case, the trial court approved the adoption because father withheld his consent without just cause and contrary to the best interests of the child.

---

[1] The grandparents took the child to visit the father in prison in order to ask father to consent to the adoption, but he refused to do so.

[2] The trial court also held that the mother had withheld her consent to the adoption, contrary to the best interests of the child, and terminated her parental rights.

Code § 63.2-1202(H) states:

> No consent shall be required of a birth parent who, without just cause, has neither visited nor contacted the child for a period of six months immediately prior to the filing of the petition for adoption or the filing of a petition to accept consent to an adoption. The prospective adoptive parent(s) shall establish by clear and convincing evidence that the birth parent(s), without just cause, has neither visited nor contacted the child for a period of six months immediately prior to the filing of the petition for adoption or the filing of a petition to accept consent to an adoption.

The trial court found that father, without just cause, had not seen or contacted the child since 2010. Father contends his incarceration is "just cause" for why he had not visited his son. However, there was evidence that father had not seen the child for more than six months *prior* to his incarceration, and once he was incarcerated, father did not make any efforts to contact the child. He saw the child one time when the grandparents brought the child to the prison in order to request father's consent for adoption.

The trial court also terminated father's parental rights pursuant to Code § 63.2-1205, which provides:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court or juvenile and domestic relations district court, as the case may be, shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court or juvenile and domestic relations district court, as the case may be, shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The grandparents produced evidence that they have had custody of the child since he was one year old.  At the time of the hearing, the child was four years old.  The grandmother testified that father had not provided for the child since his birth.  Father was unable to assume custody of the child due to his incarceration.  At the trial, father's guardian *ad litem* indicated that father expected to be released from prison in 2014 and "wanted to have a relationship with the child."  However, father had not had any contact with his child since 2010.  "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'"  Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990) (quoting Frye v. Spotte, 4 Va. App. 530, 536, 359 S.E.2d 315, 319 (1987)).

Based on the record, the trial court did not err in terminating father's parental rights and approving the adoption.  Father did not provide for the child and had not had any contact with the child since 2010.  Father was not capable of caring for the child.  Meanwhile, the evidence proved that the grandparents had been continuously caring for the child since he was one year old.  The trial court held that the grandparents were "financiall[y] able, morally, physically and mentally fit to care for and train said infant child."  The trial court did not err in holding that father withheld his consent contrary to the best interests of the child.

### CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.